GRAHAM LAW FIRM
Monica Graham, Esq.  SBN 332241
3857 Birch St PMB 3097
Newport Beach, CA 92660
Tel 949-284-6870 951-316-3298
monica@grahamlawfirm-ca.com

Attorney for Plaintiff
Vachagan Stephen

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VACHAGAN STEPHEN,<br><br>    Plaintiff,<br>vs.<br><br>RITE AID HDQTRS. CORP. and Does 1-10, inclusive,<br>    Defendants. | CASE NO. 2:20-cv-05601-MWF<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:      September 27, 2021<br>Time:      10:00 a.m.<br>Location:  Courtroom 5A, 5th Floor<br>Judge:     Hon. Michael W. Fitzgerald |

Pursuant to Fed. Rule of Civ. Proc. 56 and Local Rule 56-1, Plaintiff Vachagan Stephen hereby submits his Separate Statement of Uncontroverted Facts and Evidence in Support of his Motion for Summary Judgment against Defendant Rite Aid Hdqtrs. Corp.  The uncontroverted facts set forth below include every

- 1 -

**PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE**

essential element to entitle Plaintiff to judgment as a matter of law, or in the alternative, to partial summary judgment but for the exact number of calls made after July 17, 2019.

## STATEMENT OF UNCONTROVERTED FACTS

| PLAINTIFF'S UNCONTROVERTED FACTS | PLAINTIFF'S SUPPORTING EVIDENCE |
|---|---|
| **Fact 1.**<br><br>On June 4, 2020, Plaintiff filed his Complaint entitled Stephen v. Rite Aid, Central District of California Case No. 2:20-cv-05601-MWF alleging negligent and willful violation of the TCPA. | Exhibit 1, Plaintiff's Complaint ¶¶1-24. |
| **Fact 2.**<br><br>Plaintiff prays for awards of statutory damages, actual damages, costs, attorneys' fees, punitive damages and interest. | Exhibit 2, Second Amended Complaint, ¶¶23-24. |
| **Fact 3.**<br><br>The gravamen of Plaintiff's complaint is that Defendant placed unwanted telephone calls to Plaintiff's cellular telephone number ending in 8880 after Plaintiff orally revoked his prior express consent to be called on 7/17/19. The calls harassed Plaintiff and caused him significant frustration and annoyance. | Exhibit 2, Second Am. Compl. ¶¶6-16, Exhibit 3, Responses to Defendant's Second Set of Requests for Admissions, Response Nos. 4-5. |

| | |
|---|---|
| **Fact 4.** Defendant filed its Answer to Plaintiff's Complaint on 9/08/20. Among other things, Defendant's Answer asserted that Defendant was exempt from TCPA because it placed calls for health care and emergency purposes. | Exhibit 4, Defendant's Answer Page 4, lines 13-28. |
| **Fact 5.** Every call placed to Plaintiff's cell phone ending in 8880 by Defendant was placed using a prerecorded message or artificial voice. | Stephen Declaration ¶4, Exhibit 5, Def's Resp. to Req. for Admissions, Set Two, Nos. 4-5; Exhibit 2, Second Amended Complaint, ¶¶10-11, Dep. of Scott Jacobson, p. 19:21-25; p. 20-21, p. 22:1-21 (excerpts at Exhibit 7). |
| **Fact 6.** Rite Aid admitted that the calls were placed with a prerecorded or artificial voice. The calls recorded by plaintiff contain prerecorded or artificial voices. | Id., Dep. of Scott Jacobson, p. 19:21-25; p. 20-21, p. 22:1-21, Stephen Decl. Ex. 7, Plaintiff's Bates Numbers voicemail212-voicemail361. |
| **Fact 7.** Rite Aid placed 150 calls to Plaintiff's cellular telephone number ending in 8880 from April, 2019 through December, 2019. | Id., Exhibit 6, Defendant's Response to Admissions, Set Two, No. 4. |
| **Fact 8.** All 150 calls were placed without Plaintiff's consent because Plaintiff never gave Rite Aid consent to call his number ending in 8880. | Id., Exhibit 6, Def's Resp. to Plaintiff's Req. for Admissions, Set Two, Nos. 4-5; Jacobson Dep. p.13:15-22; p. 14:23-25; p. 15:1-12, Exhibit 7. |

- 3 -

**PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE**

| | | |
|---|---|---|
| 1 | **Fact 9.** | Declaration of Vachagan Stephen, ¶6. |
| 2 | Plaintiff did not share his cellular telephone with Patient Maria nor did Patient Maria have any authority to use Plaintiff's cellular telephone. Plaintiff did not know Patient Maria and he communicated that to Rite Aid on 7/17/19. | Exhibit 3, Incident Report 7/7/19. |
| 8 | **Fact 10.** | Declaration of Vachagan Stephen, ¶¶6, 9; Exhibit 3, Incident Report 7/7/19. |
| | Plaintiff revoked any consent Rite Aid might have believed it had to call Patient Maria once Plaintiff revoked consent on 7/17/19 and specifically told Rite Aid that the number ending in 8880 was not Patient Maria's number. | |
| 14 | **Fact 11.** | Declaration of Vachagan Stephen, ¶7. |
| | Even after Plaintiff revoked consent, Rite Aid continued to place unwanted robocalls to Plaintiff's cellular telephone number ending in 8880 because the calls did not stop until Plaintiff threatened to file suit and Rite Aid's attorney stopped the calls around December 31, 2019. | |
| 23 | **Fact 12.** | Declaration of Vachagan Stephen ¶5, Deposition of Hayk Harutyunyan, p.6:10-16. |
| | Hayk Harutyunyan is the pharmacy manager of Rite Aid. | |
| 26 | **Fact 13.** | Declaration of Vachagan Stephen ¶5. |
| | Hayk Harutyunyan assisted Plaintiff when he revoked consent on 7/17/19. | |

- 4 -

**PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE**

| | |
|---|---|
| **Fact 14.**<br><br>As Rite Aid's pharmacy manager, Hayk Harutyunyan was notified that Plaintiff did not want to receive Rite Aid's unwanted phone calls, that his number ending in 8880 did not belong to Patient Maria, and that he wanted Rite Aid to remove his telephone number. | Declaration of Vachagan Stephen ¶¶5-6. |
| **Fact 15.**<br><br>Plaintiff experienced Defendant's unwanted phone calls at an excessive and harassing rate which directly interfered with Plaintiff's right to peacefully enjoy his telephone service, and Defendant's conduct caused Plaintiff a significant amount of anxiety, frustration and annoyance. | Declaration of Vachagan Stephen Exhibit 2, Second Am. Compl, ¶16; Stephen Declaration ¶10. |
| **Fact 16.**<br><br>Defendant was negligent in making the unwanted calls to Plaintiff's cellular telephone ending in 8880 because it does not have proper systems in place to track consumer complaints, it doesn't keep a record at its branches, which is where consumers are expected to lodge their complaint, and it does not have a system to resolve these complaints. | Stephen Declaration, ¶9; Jacobson Deposition, Harutyunyan Deposition. |

| | |
|---|---|
| **Fact 17.**<br><br>Defendant made the unwanted calls to Plaintiff's cellular telephone number ending in 8880 willingly because it had actual and constructive knowledge of Plaintiff's revocation on 7/17/19, and willfully placed its unwanted calls thereafter, and continued until its attorney stopped the calls on or around 12/31/19. | Declaration of Vachagan Stephen, ¶¶7-11. |
| **Fact 18.**<br><br>Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39) | Exhibit 2, Second Amended Complaint, ¶4. |
| **Fact 19.**<br><br>Defendant is a "person" as that term is defined by 47 U.S.C. §153(39) | Exhibit 2, Second Amended Complaint, ¶5. |
| **Fact 20.**<br><br>At all relevant times, Plaintiff's cell phone number has been 818-641-8880. | Exhibit 2, Second Amended Complaint, ¶7. |
| **Fact 21.**<br><br>After July 17, 2019, Defendant called Plaintiff's cell number ending in 8880 81 times using a prerecorded message or artificial voice. 63 calls were placed from corporate and 18 calls placed from the branch, according to Defendant's call records provided in discovery. | Declaration of Vachagan Stephen, ¶11. |

**PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE**

| | |
|---|---|
| **Fact 22.** Defendant's corporate designee confirmed that all calls were placed with an artificial voice or prerecorded message. | Jacobson Deposition, p. 19:21-25; p.20-21; p.22:1-21. |
| **Fact 23.** Effective upon Plaintiff's communication on 7/17/19, Defendant did not have an emergency purpose to place calls to Plaintiff's cellular telephone intended for Patient Maria. | Declaration of Vachagan Stephen ¶¶6, 8. |

## CONCLUSIONS OF LAW

Pursuant to Local Rule 56-1, Plaintiff submits this statement of conclusions of law:

Issue No. 1: Defendant cannot rely on the emergency purpose defense to have placed calls to Plaintiff's cellular telephone ending in 8880 after July 17, 2019 because Plaintiff revoked any consent Rite Aid believed it had, and Plaintiff specifically communicated to Rite Aid that Patient Maria did not use his telephone and that he did not know Patient Maria.

Issue No. 2: Plaintiff is entitled to summary judgment and damages in the amount of $1,500 per call placed after 7/17/19 due to Rite Aid's negligent and

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE

willful violation of TCPA. It had actual and constructive knowledge as of 7/17/19 not to call Plaintiff's cellular telephone.

Dated: August 26, 2021　　　　　　　　　　GRAHAM LAW FIRM

　　　　　　　　　　　　　　　　　　　　　s/Monica Graham
　　　　　　　　　　　　　　　　　　　　　Monica Graham, Esq.
　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　Vachagan Stephen

**PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE**